UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GARY WAYNE DAGLE,<br>  Plaintiff | §<br>§<br>§ | |
| VS. | § | CASE NO. 1:15-CV-236 |
| | §<br>§ | |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>  Defendant. | §<br>§<br>§ | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending the affirmance of the Commissioner's decision. The court has considered the report and recommendation filed on July 18, 2016 (Doc. No. 13), and the Plaintiff's objections (Doc. No. 14). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the court **ACCEPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.

Dagle raises two objections. First, proper weight was not given to his treating physician's testimony. Second, the ALJ did not properly evaluate Dagel's credibility.

1. Medical Opinion Evidence

Dagle argues that Dr. Dan Eidman, his treating doctor, should be given greater weight than that of an examining consultant. As noted by Judge Hawthorn, ALJ Whitney discusses the medical evidence in depth and gives great weight to portions of Dr. Eidman's findings, such as Dagle's inability to return to his past work and his limitations regarding Dagle's ability to bend, stoop, lift, or climb. However, ultimately, ALJ Whitney found Dr. William Culver's consultative examining opinion and interpretation of the objective evidence more persuasive. See Scott v. Colvin, No. 12-310-JJB, 2014 WL 1389236, at *4 (M.D. La. Apr. 9, 2014) ("The ALJ may partially credit opinions or reports, and is not required to adopt every aspect or finding of a medical source."). The report of Dr. Culver, an examining doctor, presented the ALJ with sufficient medical evidence controverting Dr. Eidman's opinion. With this report, the ALJ could reject Dr. Eidman's opinion. Newton v. Apfel, 209 F.3d 448, 453 (5th Cir. 2000). The evidence in the record,[1] and the evidence specifically cited by the ALJ, constituted sufficient good cause to reject portions of Dr. Eidman's opinion. It is within the discretion of the ALJ to determine the credibility of the various medical reports in the record as long as the ultimate conclusion is supported by substantial evidence. Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991). Consequently, this objection is overruled.

2. Credibility

Dagle does not specifically object to Judge Hawthorn's finding on this issue, but instead reiterates his points of error in his original briefing that the ALJ improperly evaluated Dagle's credibility. He asserts that some of the facts ALJ Whitney considered are not explicit factors for

---

1. Contrary to Dagle's argument in his objections, an ALJ is not required to list every piece of evidence that he relies on. Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994) (rejecting the plaintiff's argument that "the ALJ must articulate specifically the evidence that supported his decision and discuss the evidence that was rejected" and finding such a "rigid approach... unnecessary").

considering a claimant's credibility. In addition, Dagle alleges that he did not pursue alternative treatment options or surgery, because he is unable to afford treatment. Further, he alleges that ALJ Whitney substituted his own interpretation of the medical evidence.

ALJ Whitney considered all of the relevant credibility factors in the regulations, as well as facts under the catch all factor–"any other factors concerning the individuals' functional limitation and restrictions due to pain or other symptoms." SSR 96-7p, 1996 WL 374186, at *3. He also addressed Dagle's financial status by noting that Dagle had not pursued indigent care. (Tr. 77.) The record also shows that Dagle had insurance when surgery was first suggested. (Tr. 57, 42, 346.) In addition, ALJ Whitney specifically states that "neither the consultative examiner, Dr. Culver, nor the state agency expert, Dr. Ligon, found the objective evidence sufficient to prevent the claimant from working at a sedentary level. Because these doctors are independent experts and because they reviewed the same objective MRIs and studies to which Dr. Eidman refers, I find their opinions to be more persuasive than that of Dr. Eidman." (Tr. 81.) It is evident that ALJ Whitney relied on the medical opinions in the record in interpreting the medical evidence as opposed to substituting his own. For these reasons, this objection is also overruled.

Accordingly, all of the Plaintiffs objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **10** day of **August, 2016.**

_____
Ron Clark, United States District Judge